United States District Court
For the Northern District of California

| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

JESSE AARON ANDRYS,　　　　　　　　　　　　No. C 12-084 SI (pr)

　　　　　Plaintiff,　　　　　　　　　　　　**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

　　v.

R. GROUNDS, Warden; et al.,

　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　　/

## INTRODUCTION

Jesse Aaron Andrys, formerly an inmate at the Correctional Training Facility in Soledad, filed a *pro se* civil rights action under 42 U.S.C. § 1983. In his complaint, he alleges that prison staff committed an equal protection violation by ejecting non-Mexicans from a canteen area and failed to properly handle his inmate appeal about the issue. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges in his complaint that a correctional officer required "non-Mexican inmates to leave the canteen area" on April 13, 2011. Docket # 1, p. 3. He does not allege whether he was present when this occurred or just was irritated upon later learning of the incident. Federal courts have the power and the duty to raise the issue of standing sua sponte and to dismiss the action if standing is wanting. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). The standing requirement derives from Article III, Section 2 of the United States Constitution, which restricts adjudication in federal courts to "Cases" and "Controversies." *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. Sept. 2011). Article III standing is present only when (1) a plaintiff suffers a concrete, particularized injury which is actual or imminent; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiff must amend his complaint to allege whether he was present at the canteen and was among those inmates required to leave so that it can be determined whether he has standing to pursue his equal protection claim.

Plaintiff's other claim is that prison officials did not properly handle his inmate appeal and did not give him the relief he sought (including, apparently an investigation of staff misconduct and a determination of staff misconduct). There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal

system in its prison. California Code of Regulations, title 15 sections 1073 and 3084.1 grant prisoners a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Andrys had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to process the appeal in a particular way therefore did not amount to a violation of his right to due process. The administrative appeal claim is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **June 15, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: May 19, 2012

_____
SUSAN ILLSTON
United States District Judge

3